UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TRINH THU NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Case No. 21-cv-1325 (DWF/DTS)<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO MODIFY THE FIRST AMENDED PRETRIAL SCHEDULING ORDER AND FOR LEAVE TO AMEND COMPLAINT** |

Plaintiff waited over six months from the time she allegedly discovered the information giving rise to the proposed amended complaint and waited four months after State Farm Mutual Automobile Insurance Company ("State Farm") told Plaintiff's counsel that it would not consent to the proposed Amended Complaint. The Court should not reward Plaintiff's lack of diligence—there is not good cause for an amended complaint at this stage of the case. Further, the proposed Amended Complaint is futile as it is the same as two other pending cases against State Farm and allowing the Amended Complaint now would dramatically amplify the claims in the lawsuit and would prejudice State Farm.

Plaintiff argues that good cause exists to modify the First Amended Pretrial Scheduling Order and to allow her to amend the Complaint because "the facts needed to evaluate" and support "a theory of liability based on State Farm's use of the typical negotiation adjustment" were "all newly discovered by Plaintiff and her counsel within the last few weeks." Mot. at p. 17. Plaintiff points to two sources of "newly discovered"

information: (1) the Autosource Market-Driven Valuation report produced by State Farm; and (2) unsealed portions of the docket in another negotiation adjustment case against State Farm in *Ngethpharat v. State Farm*, No: 2:20-cv-00454-MJP. *Id.* at pp. 8, 16-17. But State Farm produced the Autosource Report to Plaintiff on February 14, 2022, more than a month before the (already twice extended) deadline to amend her pleadings. Mot. at pp. 7-8. And Plaintiff's reliance on "unsealed portions" of documents in *Ngethpharat* in March is a red herring—her counsel could have consulted any of the publicly available complaints or decisions in the other six lawsuits brought by plaintiffs across the country against State Farm under virtually indistinguishable facts and policies beginning in March 2020.[1] But even if Plaintiff was unaware of these "new facts" before the court-ordered March 21, 2022 deadline to amend the pleadings, she concedes that she had all the information she needed to amend the Complaint no later than April 19, 2022, when Plaintiff sent State Farm a proposed Amended Complaint asserting the same "newly discovered" typical negotiation adjustment liability theories. *See* ECF No. 65-5, at p. 3.

State Farm promptly refused to consent for leave to file that Amended Complaint. Yet Plaintiff waited until August 25, 2022 to bring this Motion—six months after State Farm produced the Autosource Report, five months after the court-ordered deadline to

---

[1] *Ngethpharat v. State Farm Mut. Auto. Ins. Co.*, No. 2:20-cv-00454 (W.D. Wash. Mar. 25, 2020), ECF No. 1; *Clippinger v. State Farm Mut. Auto. Ins. Co.,* No. 2:20-cv-02482 (W.D. Tenn. July 2, 2021), ECF No. 1; *Wiggins et al. v. State Farm Mut. Auto. Ins. Co.*, No. 8:21-cv-03803 (D.S.C. Nov. 19, 2021), ECF No. 1; *Cudd v. State Farm Mut. Auto. Ins. Co.*, No. 4:21-cv-00217 (M.D. Ga. Dec. 23, 2021), ECF No. 1; *Williams v. State Farm Mut. Auto. Ins. Co.*, No. 22-cv-01422 (N.D. Ill. Mar. 18, 2022), ECF No. 1; *Varela v. State Farm Mut. Auto. Ins. Co.*, No. 0:22-cv-00970 (D. Minn. Apr. 15, 2022), ECF No. 1.

amend the pleadings, and four months after it sent State Farm a copy of the substantially identical Amended Complaint. Mot. at pp. 7-8, 15-16; ECF No. 65-5. Faced with those undisputed facts, Plaintiff is unable to satisfy her "heavier burden" of showing good cause under Rule 16(b). *Jacqueline v. Kijakazi*, No. 21-cv-1612, 2022 U.S. Dist. LEXIS 32701, at *3 (D. Minn. Feb. 24, 2022).

Even if Plaintiff is able to demonstrate good cause, the proposed amendment would still be futile under the first-filed rule because there are two pending lawsuits in Federal Court brought on behalf of the same putative classes of Minnesota insureds asserting the same typical negotiation adjustment claims against State Farm. If leave to amend is granted, State Farm would seek to dismiss this case under the first-filed rule to avoid litigating the same claims brought by the same parties in multiple jurisdictions.

This Court should therefore reject Plaintiff's Motion to Modify the First Amended Pretrial Scheduling Order under Fed. R. Civ. P. 16(b) and L.R. 16.3(a), as well as Plaintiff's Motion for Leave to Amend the Complaint under Fed. R. Civ. P. 15(a) and L.R. 15.1(b).

## BACKGROUND

On May 4, 2021, Plaintiff initiated this action by filing a complaint in State Court in the District Court of Culver County. ECF No. 1-1. On June 2, 2021, State Farm timely removed this case to the District of Minnesota. ECF No. 1. On July 23, 2021, State Farm answered the Complaint. ECF No. 16. Plaintiff served her first request for production of documents and first set of interrogatories on October 12, 2021. ECF No. 28. State Farm served its responses to Plaintiff's First Request to Produce and Answers to Interrogatories

on December 3, 2021, after the parties agreed to extend State Farm's response deadline.[2] *Id.* On December 15, 2021, Plaintiff filed an unopposed Motion to Extend the Deadline to Amend the Pleadings (ECF No. 28), which was granted on December 20, 2021. ECF No. 30. On January 19, 2022, Plaintiff filed a second unopposed Motion to Extend the Deadline to Amend the Pleadings (ECF No. 33), which was granted on January 24, 2022. ECF No. 24.

On February 8, 2022, the Court issued the First Amended Pretrial Scheduling Order ("Scheduling Order"), setting March 21, 2022 as the deadline to amend the pleadings and December 29, 2022 as the close of fact discovery. ECF No. 41. The Scheduling Order remains the operative scheduling order in this case, and Plaintiff has not moved to extend any deadlines therein since January 19, 2022.

On February 14, 2022, State Farm produced (1) Plaintiff's claim file; and (2) Plaintiff's certified Policy. Mot. at pp. 6-7, 15-16. Plaintiff's claim file included her Autosource Market-Driven Valuation report (NGUYEN_00001454-NGUYEN_00001463),[3] which states that State Farm's valuation vendor "adjusted [advertised prices] to account for typical negotiation." ECF No. 63 (Ex. A at NGUYEN_00001458); *see also* ECF No. 62-1 at ¶¶ 9-11, 35. Four days later, on February

---

[2] Plaintiff's representation that State Farm did not produce "a single document or response to any of the interrogatory requests" is simply false.

[3] Plaintiff includes the Autosource Market-Driven Valuation report (NGUYEN_00001454- NGUYEN_00001463) as Exhibit A to her Proposed Amended Complaint. *See* ECF Nos. 62-1 at ¶¶ 9-11, 35 & p. 27; 63.

18, 2022, Plaintiff filed a Motion to Compel Discovery.  ECF No. 44.  On March 4, 2022, Plaintiff informed the Court that she was withdrawing that Motion.  ECF No. 52.

On April 19, 2022—nearly a month after the Court's deadline to amend the pleadings (ECF No. 41), and more than two months after State Farm produced materials to Plaintiff—counsel for Plaintiff emailed State Farm a proposed amended Complaint asserting claims related to State Farm's use of a typical negotiation adjustment.  *See* ECF No. 65-5, at p. 3.  The next day, on April 20, 2022, counsel for State Farm informed Plaintiff's counsel that it would not consent to leave for filing an Amended Complaint because the proposed Amended Complaint "s[ought] to add claims related to negotiation adjustments" even though there was "already another proposed class action filed in Minnesota with essentially identical claims- Varela v. State Farm."  ECF No. 65-5 at p. 1.  Plaintiff's counsel did not respond to State Farm's April 20, 2022 correspondence.  Instead, Plaintiff waited an additional four months to bring the Motion seeking to amend the Complaint to add claims that State Farm underpaid her total loss claim by "utilizing the …typical negotiation adjustment." Mot. at p. 8.; *see also* ECF No. 62-2.

## **LEGAL STANDARD**

Plaintiff incorrectly brings her Motion for leave to amend under Fed. R. Civ. P. 15(a).  *Laughlin v. Stuart*, No. 19-cv-2547, 2021 U.S. Dist. LEXIS 34365, at *5 (D. Minn. Feb. 23, 2021).  Where, like here, a party files a motion to amend the complaint after a court-ordered deadline, the Eighth Circuit requires the movant to satisfy the "heavier burden" of demonstrating "good cause" pursuant to Fed. R. Civ. P. 16(b). *Jacqueline*, 2022 U.S. Dist. LEXIS 32701, at *3; *Popoalii v. Corr. Med. Servs.*, 512 F.3d

5

488, 497 (8th Cir. 2008); *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional"). "This shift to consider Rule 16(b) occurs because otherwise '[the court] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" *Laughlin*, 2021 U.S. Dist. LEXIS 34365, at *6 (quoting *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999)). As the moving party, Plaintiff "bears the initial burden of showing good cause for the delay before the court will consider whether the amendment is appropriate." *Powell v. Casey*, No. 20-cv-1142, 2021 U.S. Dist. LEXIS 171111, at *7 (D. Minn. Sept. 9, 2021). To determine good cause, courts analyze "the movant's diligence in attempting to meet the [scheduling] order's requirements." *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014).

While prejudice to the nonmovant may also be a relevant factor, the Eighth Circuit does not consider prejudice if the movant has not been diligent in meeting court-ordered deadlines. *See Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011) (affirming district court's denial of motion for leave to amend on ground that a tactical choice not to pursue a claim earlier did not show diligence); *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that [plaintiff] made only minimal efforts to satisfy the [scheduling] order.").

Even if Plaintiff satisfies Fed. R. Civ. P. 16(b)(4)'s stringent requirements, she must still demonstrate that she is entitled to relief under Fed. R. Civ. P. 15. Under Fed. R. Civ.

6

P. 15(a)(2), "permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief, or if [it] is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 615-16 (8th Cir. 2003) (citation omitted); *see also Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719, 2016 U.S. Dist. LEXIS 142328, at *8-9 n.2 (D. Minn. Oct. 13, 2016) (quoting *U.S. ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001)).

## ARGUMENT

Plaintiff's Motion should be denied for three reasons. First, Plaintiff cannot demonstrate good cause to amend the Complaint because she concedes that State Farm produced the information needed to assert her typical negotiation adjustment claims six months ago (Mot. at pp. 7-8) and has been sitting on a substantively identical proposed Amended Complaint for more than four months.

Second, even if Plaintiff demonstrates good cause and diligence in moving to amend (which she cannot), Plaintiff's amendment to the Complaint would be futile and subject to dismissal under the first-filed rule because Plaintiff seeks to bring claims on behalf of the same putative class of Minnesota insureds asserting nearly identical theories against State Farm in at least two other pending federal cases.

Third, even if the Court disagrees that the amendment would be futile, State Farm will be prejudiced if the amendment is permitted. Thus, the Court should see right through Plaintiff's unjustified efforts to amend the Complaint long after the deadline to do so passed.

7

I. **THE COURT SHOULD DISMISS PLAINTIFF'S MOTION BECAUSE PLAINTIFF DOES NOT ESTABLISH GOOD CAUSE AS REQUIRED UNDER FED. R. CIV. P. 16(b)(4).**

Plaintiff cannot demonstrate good cause because she cannot show that she diligently tried, but was unable to comply with, the existing case schedule. *Scheidecker v. Arvig Enters.*, 193 F.R.D. 630, 632 (D. Minn. 2000); *Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1006-07 (D. Minn. 2013) ("Allowing a party to bring a motion to amend outside the applicable scheduling order's deadline without showing that the party diligently tried but was unable to comply with that deadline would potentially undermine these fundamental principles of our civil justice system."), *aff'd*, No. 12-1912, 2013 U.S. Dist. LEXIS 155340 (D. Minn. Oct. 30, 2013). A "party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation." *Grage v. N. States Power Co.*, No. 12-2590, 2014 U.S. Dist. LEXIS 194596, at *15 (D. Minn. Jan. 3, 2014). As Plaintiff recognizes, the diligence necessary for a showing of good cause could be established "when leave to amend is sought on the basis of information that was acquired in discovery subsequent to the deadline for amendment." Mot. at 17 (citing cases).

But Plaintiff admits the "facts" needed to evaluate her claims were "acquired in discovery" on February 14, 2022—more than a month before the amendment deadline. Plaintiff's "review of the [Market-Driven Valuation] report" produced on February 14, 2022 "reveal[ed] that State Farm applied what it referred to as a 'typical negotiation adjustment' to the value of the comparable vehicle." Mot. at pp. 8, 17; *see also id.* at p. 15-16 ("It is only in reviewing those pages [of the Market-Driven Valuation Report] that

8

Plaintiff discovered the typical negotiation adjustment applied to the valuation of her vehicle."). And Plaintiff seeks leave to amend her Complaint "to allege that State Farm underpaid her after her total loss by utilizing the unsupportable, unfair, arbitrary, and capricious typical negotiation adjustment." *Id*. at p. 8.

Plaintiff provides no explanation for why, after "discover[ing] the typical negotiation adjustment applied to the valuation of her vehicle," she did not seek to amend the Complaint before the court-ordered March 21, 2022 deadline passed. *Id*. at pp. 15-16. Even if, as Plaintiff contends, her "quick[] review" of State Farm's production on February 14, 2022 prompted an "investigat[ion] [of] a claim for typical negotiation adjustments," she still could have moved to amend the Scheduling Order at that time to evaluate whether "she would need to amend her pleadings." *Id.* at p. 16. Plaintiff had already sought that relief twice before. *Id.*; ECF Nos. 28, 33.

Further, Plaintiff fails to explain why she waited more than four months to bring this Motion after she sent State Farm a proposed amended Complaint asserting the same typical negotiation adjustment claims. *See* ECF No. 65-5, at p. 1. After State Farm promptly "notified [Plaintiff] [] that it would not stipulate to addition of the [new] claim . . . it was incumbent upon her to take appropriate steps to protect her interests, which she failed to do." *Grage,* 2014 U.S. Dist. LEXIS 194596, at *18-20 ("The Court cannot find diligence where" the plaintiff "waited over an additional month to bring the present motion" after being notified by defendant that it would not consent.). It is "inexcusable" for Plaintiff to wait more than four months after discovering the "primary basis for the amendment" to bring this Motion. *Architectural Busstrut Corp. v. Target Corp.*, No. 19-

9

cv-968, 2021 U.S. Dist. LEXIS 124654, at *17-19 (D. Minn. Mar. 8, 2021) (denying leave to amend).

Tellingly, Plaintiff also blew past the deadline for Motions for Class Certification in the operative Scheduling Order. ECF No. 41 at pp. 9. Instead of filing a Motion for Class Certification by August 25, 2022—the Scheduling Order's deadline—Plaintiff elected to file this Motion. ECF No. 62. Plaintiff failed to offer any explanation in her 24-page Memorandum of Law as to why she completely ignored this deadline. ECF No. 64. Plaintiff therefore cannot credibly allege that she "diligently tried but was unable to comply" with the Scheduling Order's deadlines. *Target Corp.*, 960 F. Supp. 2d 999 at 1006-07 (D. Minn. 2013).

Plaintiff's wholesale failure to demonstrate diligence and good cause warrants the denial of Plaintiff's Motion in its entirety. *See Nagel v. United Food & Com. Workers Union*, No. 18-cv-1053, 2020 U.S. Dist. LEXIS 262464, at *21-22 (D. Minn. May 18, 2020) ("[plaintiff] did not make more than minimal efforts to comply with the scheduling order, and consequently, the Court does not exercise its discretion to permit the amendment based on lack of prejudice to [defendant]. *See* Fed. R. Civ. P. 16(b).").

**II.   THE COURT SHOULD DENY LEAVE TO AMEND BECAUSE PLAINTIFF'S AMENDED COMPLAINT WOULD BE FUTILE AND SUBJECT TO DISMISSAL UNDER THE FIRST-FILED RULE.**

Even if the Court finds that Plaintiff has shown good cause for amending and that she was diligent in attempting to meet the Scheduling Order's deadlines, Plaintiff's proposed Amended Complaint is futile and leave to amend should be denied. Although a "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the

Eighth Circuit has emphasized that "there is no absolute right to amend." *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005). "A district court's denial of leave to amend a complaint may be justified if the amendment would be futile." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018).

Plaintiff's Amended Complaint would be entirely duplicative of two currently pending federal lawsuits, one in the Northern District of Illinois, and one in the District of Minnesota, and therefore, subject to dismissal under the first-filed rule. *See Williams v. State Farm Mutual Auto. Ins. Co.*, No. 22-cv-01422 (N.D. Ill.) ("*Williams*"); *Varela v. State Farm Mutual Automobile Ins. Co.*, No. 0:22-cv-00970 (D. Minn.) ("*Varela*"). *Williams* was filed before the deadline to amend the pleadings and includes a Minnesota putative class of insureds asserting claims identical to the ones Plaintiff wants to make here. State Farm is also currently defending another putative class action brought on behalf of Minnesota insureds asserting nearly identical typical negotiation adjustment claims in *Varela*.

Plaintiff, a Minnesota citizen insured by State Farm who received a first-party total loss valuation and payment on an automobile total loss claim that included a typical negotiation adjustment, would be part of the putative classes in both *Williams* and *Varela*. ECF No. 62-1 at ¶ 53; *Williams v. State Farm Mut. Auto. Ins. Co.*, No. 22-cv-01422 (N.D. Ill. Mar. 18, 2022), ECF No. 1 at ¶ 53; *Varela v. State Farm Mut. Auto. Ins. Co.*, No. 0:22-cv-00970 (D. Minn. Apr. 15, 2022), ECF No. 1 at ¶ 61. Counsel for Plaintiff is aware of these pending cases. On April 20, 2022, counsel for State Farm identified *Varela* and explained that Plaintiff's proposed Amended Complaint was duplicative of this "proposed

class action . . . with essentially identical claims" "related to negotiation adjustments." ECF No. 65-5, at p. 1.

Under Minnesota law, if this Court grants leave to amend, Plaintiff's Amended Complaint would be not only the second-filed lawsuit, but the third-filed lawsuit. *Mann Design, Ltd. P'ship v. Bounce, Inc.*, 138 F. Supp. 2d 1174, 1179-80 (D. Minn. 2001) (holding claims added to the complaint through amendment do not relate back to the original complaint for first-filed purposes, and a lawsuit filed after the original complaint was filed, but before the complaint was amended, is considered the first-filed action). Put differently, "resolution of the [Complaint, as currently plead in this case] would not adjudge or impact the claims raised in" *Varela* or *Williams*. *Nw. Airlines, Inc. v. Filipas*, No. 07-4803, 2008 U.S. Dist. LEXIS 31084, at *6-7 (D. Minn. Apr. 15, 2008). Plaintiff's proposed Amended Complaint would therefore be subject to dismissal under the first-filed rule. *Slidell, Inc. v. Archer Daniels Midland Co.*, No. 02-cv-4841, 2003 U.S. Dist. LEXIS 15310, at *10-11 (D. Minn. Sept. 2, 2003) ("Pursuant to the first-filed rule, a district court has the discretion to dismiss the later action") (citing *Anheuser-Busch, Inc. v. Supreme Int'l Corp.,* 167 F.3d 417, 419 (8th Cir. 1999)); *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990).

### III. THE COURT SHOULD DENY LEAVE TO AMEND BECAUSE PLAINTIFF'S AMENDED COMPLAINT WOULD PREJUDICE STATE FARM.

Plaintiff's Motion must also be denied because State Farm would be prejudiced if the Court extends the deadlines proposed by Plaintiff. *Grage,* 2014 U.S. Dist. LEXIS 194596, at *20-21. First, if the Amended Complaint is allowed State Farm will have to defend the

same legal theories against the same putative classes in three different forums. Plaintiff's failure to win the race to the courthouse does not justify resulting prejudice on State Farm. Second, Plaintiff also seeks to extend all the deadlines in the case—which would extend everything in this case out for eight months. Third, amending the Complaint would force State Farm to incur additional discovery-related costs in connection with Plaintiff's new claim. *Food v. Minn Assocs.*, No. 13-02, 2013 U.S. Dist. LEXIS 208599, at *11-12 (D. Minn. Aug. 2, 2013) ("even if plaintiff had met the good cause requirement of Rule 16, the Court determined that the proposed amendments to add two new causes of action are futile and would prejudice defendant by forcing it to engage in additional discovery regarding the new claims.").

Given these circumstances, prejudice to State Farm is unavoidable. Accordingly, the Court should deny leave to amend the Complaint.

## CONCLUSION

For all of the foregoing reasons, State Farm respectfully requests that the Court deny Plaintiff's Amended Motion to Modify the First Amended Pretrial Scheduling Order and for Leave to Amend the Complaint.

| | |
|---|---|
| DATE: September 8, 2022 | DORSEY & WHITNEY LLP |

By: */s/ Jennifer R. Coates*
    Jennifer R. Coates (#0388959)
    coates.jennifer@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone.: (612) 492-5543
Facsimile:  (612) 340-2868

Daniel F. Diffley (*admitted pro hac vice*)
Melissa G. Quintana (*admitted pro hac vice*)
**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309
Telephone:  (404) 881-7000
dan.diffley@alston.com
melissa.quintana@alston.com

***Attorneys for Defendant State Farm Mutual Automobile Insurance Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed a true and correct copy of the within and foregoing with the Clerk of Court using the Court's CM/ECF system, which will automatically send notification of such filings to all counsel of record.

DATE: September 8, 2022                          /s/ *Jennifer R. Coates*
                                                 Jennifer R. Coates