# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TRINH THU NGUYEN,<br><br>      Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>      Defendant. | CASE NO.: Case No. 21-cv-1325 (DWF/BRT)<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' JOINT MOTION FOR CONSOLIDATION OF RELATED ACTIONS** |

Plaintiffs are trying to consolidate two cases that should not be consolidated. This case ("*Nguyen*") has been pending for a year and a half, and after electing not to move for class certification and a failed attempt to amend her complaint to add new claims, this is a single plaintiff case against State Farm Mutual Automobile Insurance Company ("State Farm"), where the Plaintiff alleges that State Farm did not pay certain fees on her total loss claim. She seeks to consolidate this now single-plaintiff case with a putative class action, *Varela et al, v. State Farm* ("*Varela*"), filed in this Court six months ago. Plaintiff in that case is challenging how State Farm calculates actual cash value on total loss claims, specifically challenging the use of a "typical negotiation adjustment" on total loss claims.

Other than the fact that both Plaintiff Varela and Plaintiff Nguyen are suing State Farm, there are no overlapping issues, claims, theories of liability, or other reasons that would justify consolidation of these cases. There are no efficiencies to be gained. And,

there is a pending motion to dismiss in the *Varela* case that needs to be decided.  Therefore, and as set forth below, the Court should deny this Motion with prejudice.

## **BACKGROUND**

On May 4, 2021, Plaintiff filed this case in state court.  State Farm then removed the case to this Court.  ECF No. 1-1.  The Complaint asserts two counts: a count for breach of contract and a count for Statutory Bad Faith, each alleging that State Farm failed to pay certain replacement fees allegedly owed on Plaintiff's total loss claim.  ECF No. 1-1, at ¶¶ 61–62, 72–73.  Plaintiff Nguyen also sought to represent a class of Minnesota State Farm insureds who made total loss claims.  *Id.* at ¶ 40.

Nearly a year after this case was filed, Plaintiff Varela filed her Complaint on April 15, 2022.[1]  *Varela* at ECF No. 1.  The *Varela* Complaint also involves a total loss claim by a State Farm insured and asserts five counts.  *Id.*  But that case does not address the issue of replacement fees on total loss claims.  Instead, Plaintiff Varela alleges that State Farm's calculation of actual cash value on total loss claims is improper because State Farm's vendor applies a typical negotiation adjustment to the actual cash value of total loss vehicles.  *Id.* at ¶¶ 34–48, 74, 96–97, 100–105, 111–114, 124–125.  Plaintiff Varela seeks to represent a class of Minnesota State Farm insureds "whose [total loss] claim[s] w[ere] settled using the amount determined by a total loss valuation from Audatex based on the value of comparable **vehicles which took a deduction or adjustment for 'typical negotiation.'"**  *Id*. at ¶ 61 (emphasis added).  On July 7, 2022, State Farm filed a motion to dismiss asserting a number

---

[1] *Yasmin Varela v. State Farm Mutual Automobile Insurance Company*, Case No. 0:22-cv-00970-JRT-ECW (D. Minn.)

of defenses and grounds for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Varela* at ECF Nos. 16–18. That motion is fully briefed.

The deadline in the scheduling order to file a motion for class certification in this case was August 25, 2022. ECF No. 41, pp. 9. Plaintiff elected not to seek class certification and instead filed an amended motion to modify the pretrial scheduling order and for leave to amend the complaint to add typical negotiation adjustment claims. ECF No. 64, pp. 16–17; ECF No.62-2, ¶¶ 7–8, 11–12, 53, 62–69, 81–89. Plaintiff Nguyen's proposed amended complaint also included an additional and entirely new putative class of insureds, like the *Varela* complaint, whose total loss claim payments "included a 'typical negotiation' or similar adjustment." *Id*. at ¶ 53. Although Plaintiffs' Motion stated that "Plaintiff Varela intends to seek to amend her complaint to add a claim for underpayment of registration fees" (Mot. at p. 3), Plaintiff Varela has yet to move to amend her Complaint in *Varela*. Therefore, to this date, the *Varela* Complaint still does not make any allegations remotely pertaining to the unpaid replacement fees claim here.

On October 7, 2022, Plaintiff Nguyen filed this Motion. That day, Plaintiff Varela filed this same exact Motion in that case. *Varela* at ECF No. 28–32. Also that same day, after a hearing, Judge Thorson denied Nguyen's Motion for Leave to Amend. ECF No. 86, pp. 1 ("For the reasons stated on the record, Plaintiff's Amended Motion to Modify Pretrial Scheduling Order and Motion for Leave to Amend Complaint (Doc. No. 62) is **DENIED**.").

Judge Thorson held a status conference following the hearing, where "Plaintiff's counsel [] confirmed that Plaintiff had elected not to file a motion for class certification based on the claims in the operative complaint by the August 25, 2022 deadline set forth in the

scheduling order." ECF No. 87. The Court also reiterated that under the operative scheduling order, December 29, 2022 is the "deadline for the completion of all fact discovery" and that "no later than 21 days after the matter is reassigned" counsel "must jointly contact the chambers of the assigned magistrate judge" "to request a settlement conference." *Id*. at p. 1–2. As such, this case is left as single-plaintiff case, and will not be a class action.

On October 12, 2022, Plaintiff Varela filed a letter withdrawing the motion to consolidate and requesting that the Court "terminate the motion." *Varela* at ECF No. 33.

## LEGAL STANDARD

Under Rule 42(a) of the Federal Rules of Civil Procedure, a court may order consolidation of pending actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The party seeking consolidation bears the burden of showing that it would promote judicial convenience and economy." *Powell v. Nat'l Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991). The mere fact that a common question is present, however, does not mean that consolidation is advisable or that the Court must order it. 9 Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (Sept. 2022 update) ("Wright & Miller"). Indeed, consolidation is inappropriate "if it leads to inefficiency, inconvenience or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). Furthermore, consolidation may be denied if "it will cause delay in the processing of one or more of the individual cases, or lead to confusion or prejudice in the management or trial of the case." *Madison v. Hennepin County.,* Nos.

02-4756, 01-2394, 2003 U.S. Dist. LEXIS 11709, at *4-5 (D. Minn. July 1, 2003) (citing Wright & Miller § 2383).

## ARGUMENT

The Court should deny this Motion for three main reasons.  First, Plaintiffs seek to consolidate a putative class action with a single-Plaintiff case —each raising completely different claims and liability theories.  *Varela* is about the allegedly improper application of typical negotiation adjustments in calculating total loss payments and this is now a single-plaintiff case involving fees.  Second, even if this Court finds a "common question of law or fact" as required under Fed. R. Civ. P. 42(a), Plaintiffs' Motion is premature because there is still a pending motion to dismiss in *Varela* asserting defenses unique to Plaintiff Varela including that her right to bring the action already expired.  Third, Plaintiffs have not met their burden of showing that consolidation would promote judicial convenience and economy because consolidation here would lead to jury confusion, judicial inefficiencies, and prejudice to State Farm.  Thus, the Court should deny Plaintiffs' Motion with prejudice and decline to risk judicial inefficiencies.

**I.     THE COURT SHOULD DENY PLAINTIFFS' MOTION BECAUSE PLAINTIFFS ARE TRYING TO CONSOLIDATE A PUTATIVE CLASS ACTION WITH A SINGLE-PLAINTIFF CASE EACH ASSERTING VASTLY DIFFERENT CLAIMS.**

Plaintiffs' proposed consolidation flies in the face of Fed. R. Civ. P. 42(a).  As an initial matter, because the class certification deadline in this case has passed, there are not "two class actions now pending before this Court" nor do the "two cases at issue here involve overlapping classes."  Mot. at pp. 3, 5.  Instead, as the Court noted, Plaintiff

Nguyen "elected not to file a motion for class certification based on the claims in the operative complaint." ECF No. 87 at pp. 1. As such, Plaintiffs are necessarily seeking to consolidate Plaintiff Varela's putative class action with Plaintiff Nguyen's individual claim, which further belies Plaintiffs' argument that these cases "will require motion practice on [] similar issues in both cases, including . . . class certification motion[s]." Mot. at pp. 5.

Additionally, contrary to Plaintiffs' argument that these cases are "virtually identical," (Mot. at p. 3), one is about the propriety of the typical negotiation adjustment under contractual and fraud liability theories and the other is about specific replacement fees owed in total loss claims. *Compare Varela* at ECF No. 1, ¶¶ 34–48, 74, 96–97, 100–105, 111–114, 124–125 *with* ECF No. 1-1, at ¶¶ 61–62, 72–73. There are no allegations about negotiation adjustments in this case and no allegations about fees in *Varela*. Thus, Plaintiffs grossly overstate the "overlap" between the two cases.

This Court grappled with a similar scenario in *Powell v. National Football League*. 764 F. Supp. 1351. In *Powell*, the court declined to consolidate two cases in part because one was a case of "individual plaintiffs" "bring[ing] a narrow claim" and the other was a "class action" "challeng[ing] . . . issues entirely absent" from the individual plaintiffs' case. *Id*. at 1359. Similarly, this Court should decline to consolidate a putative class action with an individual plaintiff's claim asserting a distinct set of facts and legal issues.

## II.   THE COURT SHOULD DENY PLAINTIFFS' MOTION BECAUSE STATE FARM'S PENDING MOTION TO DISMISS IN VARELA RENDERS THIS MOTION PREMATURE.

Even if this Court finds that Plaintiffs have identified a "common question of law or fact" as required under Fed. R. Civ. P. 42(a), Plaintiffs' Motion should still be denied

because it is premature.  Three months ago, State Farm filed a motion to dismiss in *Varela*.

*Varela* at ECF Nos. 16–18.  This Court routinely denies motions for consolidation as

premature when motions to dismiss are pending.  *See*, *e.g.*, *Benson v. Fischer,* Nos. 16-cv-

509, 17-cv-266, 2019 U.S. Dist. LEXIS 12351, at *5–7 (D. Minn. Jan. 25, 2019) (denying

motion to consolidate as premature due to pending motion to dismiss); *Osman v. Weyker*,

No. 16-908, 2016 U.S. Dist. LEXIS 199838, at *34 (D. Minn. Nov. 21, 2016) (denying

motion to consolidate as premature because defendants planned to file a motion to dismiss);

*Powell*, 764 F. Supp. at 1359 (denying motion to consolidate with prejudice in part due to

a pending motion to decertify the class and dismiss).  Indeed, if *Varela* is dismissed,

Plaintiffs' Motion would be moot.  In addition to rendering this Motion premature, State

Farm's motion to dismiss in *Varela* articulates defenses—inapplicable to Plaintiff

Nguyen—that are fatal to her claims.  *Varela* at ECF No. 18.

Specifically, Plaintiff Varela's action is barred because, in accordance with the

Policy's one-year limitation period, her right to bring the action expired over four months

before she filed her suit.  *See Varela* at ECF No. 18, pp. 9–10.  Plaintiff Varela cannot—

under the guise of judicial efficiency—simply latch onto the timeliness of Plaintiff

Nguyen's claim and shoehorn her putative class into individual Plaintiff Nguyen's single

and unrelated claim.   And further, this Court should not allow Plaintiff Varela to

unjustifiably expand the scope of this matter by rolling an entirely different putative class

action into a single-Plaintiff's claim simply because her claims stand to be dismissed as plead.

### III. THE COURT SHOULD DENY PLAINTIFFS' MOTION BECAUSE CONSOLIDATION WOULD LEAD TO JURY CONFUSION, JUDICIAL INEFFICIENCIES, AND PREJUDICE.

Independent of the outcome in of State Farm's Motion to Dismiss in *Varela*, Plaintiffs fail to meet their burden of showing that consolidation here would promote judicial convenience and economy because the opposite would occur.

For example, in adopting the Magistrate Judge's Report & Recommendations, and denying plaintiff's motion to consolidate, Judges Montgomery and Rosenbaum reasoned that "there [were] limited legal issues in common between the two cases, and additional issues and defenses in [one case] would lead to complication of the [other] case and contribute to jury confusion." *Hartford Fire Ins. Co. v. Clark*, Nos. 03-3190, 05-931, 2005 U.S. Dist. LEXIS 28005, at *2–3 (D. Minn. Oct. 28, 2005). Like in *Hartford*, although *Varela* and *Nguyen* "share facts in common," they raise totally different issues and theories—the *Varela* action is "more complex" and involves "defenses" not present in this case. *Id*. at *4–5. It therefore makes sense that consolidation would lead to jury confusion. Indeed, the "damages being sought in the two actions are different" and "while the two cases might result in different verdicts, the verdicts may not be inconsistent." *Id*. at *5. To illustrate, while one Judge or jury could find that State Farm was not liable as to the application of the typical negotiation adjustment, another could still find that State Farm did owe certain replacement fees it did not pay, or vice versa.

For similar reasons, judicial inefficiencies would also abound.  At a minimum, both cases would have distinct class certification, discovery, and expert needs.  The fact that the procedural postures of both cases are so different, along with the resulting prejudicial effect consolidation would have on State Farm strongly counsel in favor of denying Plaintiffs' Motion.  In *Hartford*, the discovery completion date was five months out for one of the two cases and discovery "had barely commenced" in the other case—transferred to that court "just six months ago." *Hartford Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 28005, at *6. Similarly, in *Nguyen*, the close of fact discovery is just two months away (ECF No. 87, pp. 1) whereas discovery hasn't even begun in *Varela*, which was only filed six months ago. *Varela* at ECF No. 1.  Additionally, in this case, which was filed nearly a year and a half ago, the deadlines for moving to certify a class and to identify experts already expired, and the parties are to schedule a settlement conference within the next month or so.  *See* ECF No. 87, p. 1; *see also* ECF No. 41.  Thus, "consolidating these two cases now would force [State Farm] to needlessly attend depositions and review documents that are essential to [*Varela*] discovery.  Consolidation would only result in duplication of efforts and waste of resources." *Hartford Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 28005, at *2–3.

*Madison v. Hennepin County* is also instructive.  There, although the court "assume[d] that the 'common question' requirement [was] satisfied for purposes of the motion" for consolidation, it still refused to consolidate the two cases because that would "unnecessarily postpone the resolution of [one of the two] matter[s] and unduly prejudice defendant." *Madison,* 2003 U.S. Dist. LEXIS 11709, at *4-5 ("[one of the matters] is on the verge of resolution, while the [other] matter is just beginning. In this situation, it is

inappropriate to order the matters consolidated."). Here, too, consolidation would unnecessarily postpone resolution of *Nguyen* and State Farm would be inevitably prejudiced as a result.

## **CONCLUSION**

For all of the foregoing reasons, State Farm respectfully requests that the Court deny Plaintiffs' Joint Motion for Consolidation of Related Actions with prejudice.

DATE: October 14, 2022                  Respectfully submitted,


                                        *By:* /s/ Jennifer R. Coates
                                             Jennifer R. Coates (#0388959)
                                             **DORSEY & WHITNEY LLP**
                                             50 South Sixth Street, Suite 1500
                                             Minneapolis, MN 55402-1498
                                             Tel.: 612-492-5543
                                             coates.jennifer@dorsey.com


                                        Daniel F. Diffley (*admitted pro hac vice*)
                                        Melissa G. Quintana (*admitted pro hac vice*)
                                        **ALSTON & BIRD LLP**
                                        1201 W. Peachtree Street
                                        Atlanta, Georgia 30309
                                        Tel.: 404-881-7000
                                        dan.diffley@alston.com
                                        melissa.quintana@alston.com

                                        ***Attorneys for Defendant, State Farm
                                        Mutual Automobile Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed a true and correct copy of the within and foregoing with the Clerk of Court using the Court's CM/ECF system, which will automatically send notification of such filings to all counsel of record.

This 14th day of October, 2022          */s/ Jennifer R. Coates*
                                         Jennifer R. Coates