UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TRINH THU NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Case No. 21-cv-1325 (DWF/ECW)<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE FIRST AMENDED PRETRIAL SCHEDULING ORDER AND MOTION TO AMEND THE COMPLAINT** |

Plaintiff waited six months after the deadline in the scheduling order to seek leave to amend the schedule so she could try to dramatically expand this case to include entirely new theories and claims. Magistrate Judge Thorson issued a well-reasoned decision, after a hearing, denying that request. Now, armed with nothing relevant or new, Plaintiff is trying to revive those efforts through this objection.

This is Plaintiff's third unjustified attempt at shoehorning completely new legal theories into her Complaint. First, Plaintiff sought to amend her Complaint over six months after she discovered the information giving rise to the alleged new claims and four months after State Farm told Plaintiff's counsel that it would not consent to the Amended Complaint. ECF Nos. 62, 75. That was unsuccessful. ECF No. 86.

Next, Plaintiff filed a motion trying to consolidate this case with another putative class action, filed in this Court six months ago. ECF No. 80. Hours after State Farm filed

a response to Plaintiff's motion to consolidate, Plaintiff withdrew her motion. ECF No. 89.

And now, Plaintiff objects to Magistrate Judge Thorson's decision denying her motion to modify the scheduling order and amend the Complaint. In her objection, however, Plaintiff fails to show that Magistrate Judge Thorson's decision was clearly erroneous or contrary to the law. In any event, Magistrate Judge Thorson's account of the evidence is plausible in light of the record, and therefore, this Court may not reverse it.

## BACKGROUND

On May 4, 2021, Plaintiff Trinh Nguyen ("Plaintiff") filed this case in state court. State Farm Mutual Automobile Insurance Company ("State Farm") removed the case. ECF No. 1-1. The Complaint asserts two counts: a count for breach of contract and a count for Statutory Bad Faith, each alleging that State Farm failed to pay certain replacement fees allegedly owed on Plaintiff's total loss claim. ECF No. 1-1, ¶¶ 61–62, 72–73. Plaintiff also sought to represent a class of Minnesota State Farm insureds who made total loss claims. *Id.* at ¶ 40. On July 23, 2021, State Farm answered the Complaint. ECF No. 16.

Plaintiff served her first request for production of documents and first set of interrogatories on October 12, 2021. ECF No. 28. State Farm served its responses to Plaintiff's First Request to Produce and Answers to Interrogatories on December 3, 2021, after the parties agreed to extend State Farm's response deadline.[1] *Id.* On December 15, 2021, Plaintiff filed an unopposed Motion to Extend the Deadline to Amend the Pleadings

---

[1] Plaintiff's representation that State Farm did not produce "a single document or response to any of the interrogatory requests" is simply false. Obj. at ¶ 6.

(ECF No. 28), which was granted on December 20, 2021. ECF No. 30. On January 19, 2022, Plaintiff filed a second unopposed Motion to Extend the Deadline to Amend the Pleadings (ECF No. 33), which was granted on January 24, 2022. ECF No. 24.

On February 8, 2022, the Court issued the First Amended Pretrial Scheduling Order ("Scheduling Order"), setting March 21, 2022 as the deadline to amend the pleadings and December 29, 2022 as the close of fact discovery. ECF No. 41. The Scheduling Order remains the operative scheduling order in this case, and Plaintiff has not moved to extend any deadlines therein since January 19, 2022.

On February 14, 2022, State Farm produced documents including: (1) Plaintiff's claim file; and (2) Plaintiff's certified Policy. ECF No. 64 at pp. 6–7, 15–16. Plaintiff's claim file included her Autosource Market-Driven Valuation report (NGUYEN_00001454- NGUYEN_00001463),[2] which states that State Farm's valuation vendor "adjusted [advertised prices] to account for typical negotiation." ECF No. 63 (Ex. A at NGUYEN_00001458); *see also* ECF No. 62-1 at ¶¶ 9–11, 35. Four days later, on February 18, 2022, Plaintiff filed a Motion to Compel Discovery. ECF No. 44. On March 4, 2022, Plaintiff informed the Court that she was withdrawing that Motion. ECF No. 52.

Nearly a year after this case was filed, another State Farm insured, Yasmin Varela filed her own complaint. *Varela v. State Farm Mutual Automobile Ins. Co.*, No. 0:22-cv-00970 (D. Minn.) ("*Varela*") at ECF No. 1. The *Varela* complaint also involves a total loss

---

[2] Plaintiff includes the Autosource Market-Driven Valuation report (NGUYEN_00001454- NGUYEN_00001463) as Exhibit A to her Proposed Amended Complaint. *See* ECF Nos. 62-1 at ¶¶ 9–11, 35 & p. 27; 63.

3

claim by a State Farm insured, but raises a different theory. *Id.* Plaintiff Varela seeks to represent a class of Minnesota State Farm insureds "whose [total loss] claim[s] w[ere] settled using the amount determined by a total loss valuation from Audatex based on the value of comparable vehicles which took a deduction or adjustment for 'typical negotiation.'" *Id*. at ¶ 61. On July 7, 2022, State Farm filed a motion to dismiss asserting a number of defenses and grounds for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Varela* at ECF Nos. 16–18. That motion is fully briefed.

On April 19, 2022—nearly a month after the Court's deadline to amend the pleadings (ECF No. 41), and more than two months after State Farm produced materials to Plaintiff—counsel for Plaintiff emailed State Farm a proposed amended Complaint asserting claims related to State Farm's use of a typical negotiation adjustment. *See* ECF No. 65-5 at p. 3. The next day, on April 20, 2022, counsel for State Farm informed Plaintiff's counsel that it would not consent to leave for filing an Amended Complaint because the proposed Amended Complaint "s[ought] to add claims related to negotiation adjustments" even though there was "already another proposed class action filed in Minnesota with essentially identical claims- Varela v. State Farm." ECF No. 65-5 at p. 1. Plaintiff's counsel did not respond to State Farm's April 20, 2022 correspondence.

The deadline in the Scheduling Order to file a motion for class certification in this case was August 25, 2022. ECF No. 41 at p. 9. Plaintiff elected not to seek class certification and instead filed an amended motion to modify the pretrial scheduling order and for leave to amend the complaint to add typical negotiation adjustment claims ("Motion"). ECF No. 64, pp. 16–17; ECF No. 62-2, ¶¶ 7–8, 11–12, 53, 62–69, 81–89. Plaintiff's proposed amended

4

complaint also included an additional and entirely new putative class of insureds, like the *Varela* complaint, whose total loss claim payments "included a 'typical negotiation' or similar adjustment." *Id*. at ¶ 53.

On October 7, 2022, Plaintiff filed a motion to consolidate this case with *Varela.* ECF Nos. 80–82.  That same day, after a hearing, Magistrate Judge Thorson denied Plaintiff's Motion for Leave to Amend ("Decision").  ECF No. 86 at p. 1 ("For the reasons stated on the record, Plaintiff's Amended Motion to Modify Pretrial Scheduling Order and Motion for Leave to Amend Complaint (Doc. No. 62) is **DENIED**."); *see also* Hearing Transcript ("Tr.") at 29:18–21.  Magistrate Judge Thorson held a status conference following the hearing, where "Plaintiff's counsel [] confirmed that Plaintiff had elected not to file a motion for class certification based on the claims in the operative complaint by the August 25, 2022 deadline set forth in the scheduling order." ECF No. 87.  As such, this case is left as single-plaintiff case, and will not be a class action.  On October 14, 2022, State Farm filed its response to Plaintiff's motion to consolidate.  ECF No. 88.  Hours later, Plaintiff withdrew her motion.  ECF No. 89.

One week later, on October 21, 2022, Plaintiff filed this objection to Magistrate Judge Thorson's Decision ("Objection").  ECF No. 93.

## **LEGAL STANDARD**

The Court's review of a magistrate judge's order on a non-dispositive motion[3] is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008); *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). Such an order should be overruled only where it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)). This means that a district court should not reverse a magistrate judge's decision in the non-dispositive arena unless it is implausible "in light of the record viewed in its entirety," even if the reviewing court might have decided it differently in the first instance. *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019).

---

[3] Plaintiff's Motion is non-dispositive. *See Bandy v. Comm'r of Corr.*, No. 13-2209, 2016 U.S. Dist. LEXIS 44573, at *28–29 (D. Minn. Mar. 31, 2016) ("Because a motion for leave to amend the complaint is non-dispositive, the Court reviews the Magistrate Judge's order for clear error or errors of law.) (citing D. Minn. LR 72.2(a)); *Bepex Int'l, LLC v. Hosokawa Micron, BV*, No. 19-cv-2997, 2022 U.S. Dist. LEXIS 101165, at *4–5 (D. Minn. June 7, 2022) (applying clearly erroneous standard to overrule objection to Magistrate Judge's decision on a motion to amend scheduling order).

**ARGUMENT**

The Court should overrule Plaintiff's Objection and affirm Magistrate Judge Thorson's decision for two main reasons. First, Plaintiff cannot identify any clear error in Magistrate Judge Thorson's well-reasoned Decision. That is because Magistrate Judge Thorson did not misapply any pertinent statutes, case law, or rules of procedure. In arguing that Magistrate Judge Thorson somehow erred, Plaintiff's Objection is nothing more than an improper attempt at *de novo* review. Second, even if the District Court would have weighed the evidence on the record differently, because Magistrate Judge Thorson's account of the evidence is plausible in light of the record, this Court cannot reverse Magistrate Judge Thorson's Decision. Thus, the Court should see right through Plaintiff's third unjustified effort to amend the Complaint long after the deadline to do so passed.

**1. THE COURT SHOULD OVERRULE PLAINTIFF'S OBJECTION BECAUSE MAGISTRATE JUDGE THORSON'S DECISION IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW.**

Plaintiff does not even try to point to a clear error—that is, a "misappli[cation] [of] pertinent statutes, case law or rules of procedure" in Magistrate Judge Thorson's Decision—because there isn't one. *Coons*, 268 F. Supp. 3d at 991. Plaintiff admits that her Objection rises and falls with her argument that "[t]he Magistrate Judge made erroneous *factual* determinations." Obj. at p. 7 (emphasis added); *see also* Obj. at p. 11 (emphasis added) ("The Magistrate Judge['s] [finding] [] that Plaintiff 'failed to establish good cause due to a lack of diligence in seeking to meet the deadlines before they expired' [] conflicts with the *factual* record"). Magistrate Judge Thorson's ruling did not make any

7

erroneous factual decisions and either way, that is not grounds to overturn a Magistrate Judge's decision on a non-dispositive Motion like Plaintiff's.

Plaintiff's Objection is nothing more than a disagreement with Magistrate Judge Thorson's Decision. That is not a basis to reverse either.

### A. Plaintiff Misapplies the Law In Arguing Magistrate Judge Thorson Erred.

Plaintiff argues that Magistrate Judge Thorson erred because (1) "Plaintiff did not learn of the viability of a claim based on the use of the typical negotiation adjustment until *after* the expiration of the deadline to amend the pleadings" (Obj. at p. 8); and because (2) Plaintiff's diligence "is well-documented in the record." Obj. at p. 11. In making these arguments, Plaintiff misapplies the good cause standard under Fed. R. Civ. P. 16(b)(4).

A "party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation." ECF No. 75 at p. 8 (quoting *Grage v. N. States Power Co.*, No. 12-2590, 2014 U.S. Dist. LEXIS 194596, at *15 (D. Minn. Jan. 3, 2014)). But Plaintiff seems to be under the impression the "relevant information" needed to amend a complaint includes evidence of other parties winning on similar claims. *Id*. Specifically, Plaintiff argues that Magistrate Judge Thorson's observation that "Plaintiff appears to have had the facts needed to support the amended complaint proposal by February" (Tr. at 27:22–23) "constitutes error" because Plaintiff "did not learn of the viability" of her claim until after the deadline, and because before then, she did not have "deposition testimony [from a different case] confirm[ing] [] State Farm's use and calculation [of the typical negotiation] adjustment,"

8

or access to a motion to dismiss order in a different case that "bolstered Plaintiff's counsel's opinion that Plaintiff had a viable claim" because it "illustrated that [typical negotiation adjustment claims] could survive a motion to dismiss." Obj. at pp. 4–5, 9.

That is untenable. There cannot be a finding of good cause where a party blows past a deadline to amend just because they were waiting for external confirmation that their proposed claim was, in their view, viable or they found evidence that other plaintiffs were winning in similar cases. *See Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011) (affirming district court's denial of motion for leave to amend on ground that a tactical choice not to pursue a claim earlier did not show diligence). Regardless, as Magistrate Judge Thorson reasoned, "[e]ven if" Plaintiff did not "have the facts needed to support the amended complaint proposal by February" 2022, Plaintiff "withdr[e]w[] [her] motion to compel," did "no[t] attempt to refile [it] before August 25th" 2022, and that "[i]f there was more time needed to review discovery and [otherwise] evaluate" her typical negotiation adjustment claims, "plaintiff knew exactly what to do" but still failed to "amend the pretrial scheduling order before it expired." Tr. at 27:22–28:6. Thus, Magistrate Judge Thorson did not clearly err when she found Plaintiff had the information necessary to timely preserve her ability to amend her Complaint before the deadline expired. Tr. at 27:22–28:6.

Further, Plaintiff confuses the type of diligence required to meet her burden of good cause. Plaintiff is required to show that she diligently tried, but was unable to comply with the existing case schedule. *Scheidecker v. Arvig Enters.*, 193 F.R.D. 630, 631–32 (D. Minn. 2000). Plaintiff fails here entirely, confusingly pointing to alleged "diligence" in

other unrelated contexts to argue that Magistrate Judge Thorson's Decision "conflict[s] with the factual record." Obj. at p. 11. For example, she argues she was diligent in conducting "research [on her] [] potential claim," drafting, but not filing, a "proposed amended complaint and motion to amend as early as April 20, 2022," moving to extend deadlines in previous (no longer in effect) scheduling orders, "attempt[ing] to confer with Plaintiff to discuss moving the case forward," and filing procedurally improper and subsequently stricken correspondence with the Court. Obj. at pp. 8–9, 11.

But none of these so-called demonstrations of diligence show diligence in complying with the Scheduling Order in effect (ECF No. 41) as required under Rule 16. *Scheidecker*, 193 F.R.D. at 631–32. Magistrate Judge Thorson said as much in her Decision: "[b]ut what's missing is you coming to the court promptly and being diligent, not diligent in what you were doing in the background, but diligent in seeking an amendment to the scheduling order." Tr. at 12:21–24. Still, Magistrate Judge Thorson explicitly considered Plaintiff's excuses for delay (Obj. at p. 11–12) including "all of the[] things that were happening in the background, whether it was discussion with plaintiff's counsel in another case, difficulty accessing their client, [or] wanting to pursue settlement negotiation further[.]" (Tr. at 17:19–17:22). And she decided that Plaintiff, "had every opportunity to reach out to the court and suggest a status conference to address th[es] issue[s], file their motion with leave to do additional discovery or maybe [] an extension of time" but Plaintiff didn't, and as such, failed to satisfy "the test" for "exercising due diligence." Tr. at 17:22–18:3. Magistrate Judge Thorson's decision was not erroneous in this respect either.

### B. Magistrate Judge Thorson's Decision Is Neither Clearly Erroneous Nor Contrary To Law.

Critically, Magistrate Judge Thorson did not misapply the law. She "substantially evaluated" "Plaintiff's arguments and "considered and found" them unpersuasive. *Sobolik v. Briggs & Stratton Corp.*, No. 09-1785, 2011 U.S. Dist. LEXIS 173262, at *5–6 (D. Minn. Jan. 12, 2011) (overruling objection and affirming Magistrate Judge order). Magistrate Judge Thorson correctly applied the good cause standard under Fed. R. Civ. P. 16(b)(4) because "plaintiff did not file h[er] motion for leave to file an amended complaint until after the deadline expired." Tr. at 22:25–23:8. She properly applied Eighth Circuit law to determine "[t]he primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Tr. at 23:21-25.

Additionally, Magistrate Judge Thorson cited relevant case law on the "exacting" nature of the test for diligence to frame her analysis of the record. *Id.* at 24:1–3. During the hearing Magistrate Judge Thorson even gave Plaintiff the opportunity to point to "any cases within the Eighth Circuit that support[ed] [her] position" that a party "can delay approaching the court to amend the scheduling order while settlement discussions are going without informing the court" but Plaintiff was unable to do so. Tr. at 14:21–15:7.

Ultimately, Magistrate Judge concluded that:

Plaintiff has failed to establish good cause due to a lack of diligence in seeking to meet the deadlines before they expired or to come to the court immediately after April, when the answer was clear and they were prepared to [] file an amended complaint, but that was turned down [by State Farm]. And so [] there's no finding of diligence. In fact, the court finds a lack of diligence to meet the deadline.

Tr. at 28:7–14. Magistrate Judge Thorson's Decision "was neither clearly erroneous, nor contrary to law. Moreover, the record reveals that [s]he carefully and conscientiously addressed each issue and made an appropriate exercise of discretion." *Bepex Intl, LLC* 2022 U.S. Dist. LEXIS 101165, at *5. This Court cannot be "left with the definite and firm conviction that a mistake has been committed" and should therefore overrule Plaintiff's Objection and affirm Magistrate Judge Thorson's Decision. *Chakales*, 79 F.3d 728.

### C. Plaintiff Is Improperly Asking This Court To Conduct A De Novo Review.

Plaintiff's Objection is nothing more than an attempt to relitigate issues Magistrate Judge Thorson already decided. "But District Court review of a Magistrate Judge's nondispositive orders is not a vehicle to reargue the merits of the underlying motion." *Bepex Int'l, LLC*, 2022 U.S. Dist. LEXIS 101165, at *5–6. Inexplicably, Plaintiff is trying to use her Objection as supplemental briefing—which Magistrate Judge Thorson already denied (Tr. at 15:8–9). For example, Plaintiff cites cases not previously cited in her briefing (ECF No. 64). *See, e.g.*, Obj. at pp. 10–12. And this Objection is the first time Plaintiff identifies which specific sections of the *Ngethpharat v. State Farm Mutual Automobile Insurance Co.*, No. 2:20-cv-00454 (W.D. Wash. Mar. 25, 2020) ("*Ngethpharat*") docket were "unsealed" "[a]s recently as March 31, 2022" (ECF No. 64 at p. 16)[4] and allegedly

---

[4] Contrary to Plaintiff's allegation that the *Ngethpharat* court's "order denying in part State Farm's Motion to Dismiss" "was unsealed on March 31" 2022 (Obj. at p. 4), that order, issued on November 9, 2020, was never sealed and what was unsealed on March 31, 2022 was an unrelated exhibit to a declaration in support of a motion to exclude. *Ngethpharat*, ECF Nos. 49, 203, 206, 211.

12

"bolstered Plaintiff's counsel's opinion that Plaintiff had a viable claim for application of the typical negotiation adjustment." Obj. at p. 4.

Plaintiff's improper attempts to strengthen the same arguments Magistrate Judge Thorson already considered and rejected further evince Plaintiff's desire to simply reargue the merits of her Motion. *Bepex International, LLC v. Hosokawa Micron, BV* is instructive. In *Bepex International, LLC v. Hosokawa Micron, BV*, the District Court overruled plaintiff's objection and affirmed the Magistrate Judge's order on a motion to amend the scheduling order because "through its Objections" plaintiff was "ask[ing] the Court" "not [to] reverse [the Magistrate] Judge['s] [] order due to clear error, but to reweigh the factors and grant [plaintiff] the relief it sought in its motion." 2022 U.S. Dist. LEXIS 101165, at *9. As a result, the court reasoned that "the standard of review for a Magistrate Judge's nondispositive order is extremely deferential, and the Court declines to engage in the *de novo* review that [plaintiff] encourages." *Id*. Similarly, this Court should adhere to the proper standard of review in this context as prescribed by Fed. R. Civ. P. 72(a) and L.R. 72.2(a)(3) and decline to engage in Plaintiff's desired *de novo* review.

### 2. THE COURT SHOULD ALSO OVERRULE PLAINTIFF'S OBJECTION BECAUSE MAGISTRATE JUDGE THORSON'S DECISION IS PLAUSIBLE IN LIGHT OF THE RECORD.

Magistrate Judge Thorson's Decision is more than plausible in light of the record. If "the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently." *North Dakota v. Heydinger*, No. 11-cv-3232, 2013 U.S. Dist. LEXIS 22277, at *10–11 (D. Minn. Feb. 15, 2013) (citing

*Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985)). Thus, even if this Court disagrees with how Magistrate Judge Thorson weighed the various facts on the record and "things going on in the background" in this case (Tr. at 26:1), it must still affirm her Decision so long as her account of the evidence is "plausible." *Dobosenski v. CRST Van Expedited, Inc.*, No. 11-cv-2732, 2012 U.S. Dist. LEXIS 146351, at *4 (D. Minn. Oct. 11, 2012). When viewed in its entirety, the record demonstrates that, as Magistrate Judge Thorson concluded, Plaintiff failed to satisfy her burden of showing of good cause to amend and diligence under Fed. R. Civ. P. 16(b)(4)'s stringent requirements. Tr. at 28:7–14. Her account of the evidence is spot on.

Indeed, Plaintiff admits the facts needed to evaluate her claims were acquired in discovery on February 14, 2022—more than a month before the deadline to amend the complaint. ECF No. 41. In her own words, Plaintiff's "review of the [Market-Driven Valuation] report" produced on February 14, 2022 "reveal[ed] that State Farm applied what it referred to as a 'typical negotiation adjustment' to the value of the comparable vehicle." ECF No. 64 at pp. 8, 17; *see also id.* at pp. 15–16 ("It is only in reviewing those pages [of the Market-Driven Valuation Report] that Plaintiff discovered the typical negotiation adjustment applied to the valuation of her vehicle."); Obj. at p. 4 (on "February 14, 2022," Plaintiff "learn[ed] that State Farm reduced the value of Plaintiff's total-loss vehicle [by applying a] typical negotiation adjustment."). And Plaintiff sought leave to amend her Complaint "to allege that State Farm underpaid her after her total loss by utilizing the unsupportable, unfair, arbitrary, and capricious typical negotiation adjustment." ECF No. 64 at p. 8.

14

Yet, Plaintiff did not seek to amend the Complaint before the court-ordered March 21, 2022 deadline passed. ECF No. 64 at pp. 15–16. Even if, as Plaintiff contends, her "quick[] review" of State Farm's production on February 14, 2022 prompted an "evaluat[ion]" (Obj. at p. 4) or "investigat[ion] [of] a claim for typical negotiation adjustments," (ECF No. 64 at p. 16), she still could have moved to amend the Scheduling Order at that time to give herself more time to decide whether "she would need to amend her pleadings." ECF No. 64 at p. 16. But she did not. Plaintiff had already sought that exact relief twice before. *Id.*; ECF Nos. 28, 33. Before Plaintiff's untimely Motion, Plaintiff had not moved to extend any deadlines since January 19, 2022. ECF No. 33. Further, Plaintiff waited more than four months to bring her Motion after she sent State Farm a proposed amended Complaint asserting the same typical negotiation adjustment claims. *See* ECF No. 65-5 at p. 1.

Plaintiff failed to demonstrate diligence and good cause. Therefore, Magistrate Judge Thorson's account of the evidence and Decision to deny Plaintiff's Motion are plausible.

## **CONCLUSION**

For all of the foregoing reasons, the Court should overrule Plaintiff's Objection to Magistrate Judge Thorson's Order Denying Plaintiff's Motion to Modify the First Amended Pretrial Scheduling Order and Motion to Amend the Complaint and affirm Magistrate Judge Thorson's Decision.

DATE: November 4, 2022

Respectfully submitted,

*/s/ Jennifer R. Coates*
Jennifer R. Coates (#0388959)
**DORSEY & WHITNEY LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Tel.: 612-492-5543
coates.jennifer@dorsey.com

Daniel F. Diffley (*admitted pro hac vice*)
Melissa G. Quintana (*admitted pro hac vice*)
**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel.: 404-881-7000
dan.diffley@alston.com
melissa.quintana@alston.com

***Attorneys for Defendant, State Farm Mutual Automobile Insurance Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed a true and correct copy of the within and foregoing with the Clerk of Court using the Court's CM/ECF system, which will automatically send notification of such filings to all counsel of record.

This 4th day of November, 2022

                                            */s/ Jennifer R. Coates*
                                              Jennifer R. Coates