UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Trinh Thu Nguyen,                                    Civil No. 21-1325 (DWF/ECW)

      Plaintiff,

v.                                                                    **ORDER**

State Farm Mutual Automobile Insurance
Company,

      Defendant.

This matter is before the Court upon Plaintiff Trinh Thu Nguyen's objection (Doc. No. 93) to Magistrate Judge Becky R. Thorson's October 7, 2022, order (Doc. No. 87) denying Plaintiff's motion to amend/alter/correct other orders. Defendant State Farm Mutual Automobile Insurance Company filed a response to Plaintiff's objection. (Doc. No. 99.) For the reasons set forth below, the Court overrules Plaintiff's objection and affirms the Magistrate Judge's order in its entirety.

The factual background for the above-entitled matter is clearly and precisely set forth in the transcript of the October 7, 2022, hearing.[1] (Doc. No. 92 ("Transcript").) The deadline to amend the pleadings was March 21, 2022. (Doc. No. 41 at 5.) Five months after the deadline, on August 22, 2022, Plaintiff filed a notice of hearing on a motion to amend. (Doc. No. 58.) Given the delay, the Magistrate Judge concluded that Plaintiff had not shown good cause to amend the pleadings. (Transcript at 28.)

---

[1] The Court cites to the transcript of the hearing because Magistrate Judge Thorson ruled on Plaintiff's motion on the record and did not issue a separate written order.

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (citation omitted). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citation omitted).

The Court finds that the Magistrate Judge's order was neither clearly erroneous nor contrary to the law. When a party moves to amend "after the expiration of the applicable deadline in the Court's Scheduling Order," the party must show "good cause" under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1004 (D. Minn. 2013). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Firework*, 532 F.3d 709, 716 (8th Cir. 2008). The Magistrate Judge concluded that Plaintiff was not diligent in attempting to meet the scheduling order's deadline, because Plaintiff knew that she needed to file an amended complaint in April at the latest—and even drafted the motion at that point—but waited until end of August to submit her motion and amended complaint to the Court. While Plaintiff argues that she spent the time between April and August discussing with her

counsel "options for moving the case forward" (Doc. No. 93 at 12), she fails to explain why the Court was not notified earlier of Plaintiff's plans to submit this motion. Moreover, to the extent that Plaintiff blames the delay on Defendant's failure to produce evidence, Plaintiff could have moved to compel discovery.[2]  And again, that does not explain Plaintiff's failure to notify the Court immediately after April, when Plaintiff knew that she was going to file a motion to amend.

Based upon the order and upon all of the files, records, and proceedings herein, the Court hereby affirms Magistrate Judge Thorson's October 7, 2022, order and overrules Plaintiff's objection.

### ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection (Doc. No. [93]) to Magistrate Judge Becky R. Thorson's October 7, 2022, Order (Doc. No. 87) is **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's October 7, 2022, Order (Doc. No. [87]) denying Plaintiff's motion to Amend/Alter/Correct Other Orders (Doc. No.  62) is **AFFIRMED** in its entirety.

---

[2]  Plaintiff moved to compel discovery in February 2022, but she withdrew the motion before the Court could rule on its merits.  (*See* Doc. No. 52.)

    3.    The parties are directed to contact the Magistrate Judge to schedule a status conference.

Dated: February 3, 2023                    s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge